**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>ANDRE M. DAVIS<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>101 W. LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0801<br>FAX (410) 962-0820<br>MDDAMDChambers@mdd.uscourts.gov |

April 13, 2006

MEMORANDUM TO COUNSEL RE:

Leeson v. Sauer Compressors USA, Inc.
Civil No. AMD 06-511

The briefing on defendant's motion to dismiss has been read and considered and I have elected to rule in this informal manner.

The question whether the statutory prohibition on age discrimination in employment under Maryland law is of sufficiently profound importance as a "public policy" so as to support a common law claim for "abusive discharge" has not been addressed by the Maryland Court of Appeals. Clearly, the statutory prohibition on sex discrimination qualifies. *Molesworth v. Brandon*, 672 A.2d 608 (Md. 1996). But in *Molesworth,* the court noted that, "Maryland's public policy against sex discrimination is ubiquitous. [The statutory non-discrimination in employment provision] is one of at least thirty-four statutes, one executive order, and one constitutional amendment in Maryland that prohibits discrimination based on sex in certain circumstances. Together these provisions provide strong evidence of a legislative intent to end discrimination based on sex in Maryland." *Id*. at 613-14. Nothing of the sort can be said of age discrimination.

I am persuaded that the Maryland Court of Appeals is unlikely to view age discrimination in the same manner in which it viewed sex discrimination in *Molesworth*. Indeed, in Maryland, judges must retire at age 70; thus, it is difficult to see how a "public policy" against age discrimination could support a common law claim such as that asserted in this case. *Cf. Jennings v. Marralle*, 8 Cal.4th 121, 32 Cal.Rptr.2d 275 (1994).

Accordingly, quite apart from the issue of whether there has actually been a "discharge" from employment here; and apart from whether a "failure to hire" on the basis of age might otherwise support a non-statutory claim; and apart from the issue of the effect of the contract for a definite term, the very premise of plaintiff's claim fails as a matter of law. Not every statutory prohibition can support an "abusive discharge" claim.

Under the circumstances, the claim for director's fees shall be remanded for lack of jurisdiction, inasmuch as, in my judgment, the "abusive discharge" claim is not sufficiently colorable to support diversity jurisdiction in this court. (In any event, I exercise my discretion to remand that separate and distinct claim.)

An order follows.

Very truly yours,

/s/

Andre M. Davis
United States District Judge

AMD:tt